**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JE SPE 5399 LLC; TVPX AIRCRAFT SOLUTIONS INC., not in its individual capacity, but solely as Owner Trustee under the 2022 MSN 5399 Statutory Trust; and MOSHE SILBER, an individual,<br><br>　　　　　　　　Defendants. | Case No.: 24-cv-02609 (KPF)<br><br>**FINAL ORDER OF POSSESSION** |

　　　This matter comes before the Court on the Motion of Plaintiff KeyBank National Association ("KeyBank" or "Plaintiff"), for an Order confirming the Court's *Ex Parte* Order for Immediate Possession, Replevin, and Injunctive Relief (the "Motion to Confirm," Dkt. No. 15). The Court having considered the Verified Complaint (Dkt. No. 1) and the exhibits attached thereto, Plaintiff's *Ex Parte* Motion for an Order of Immediate Possession, Replevin, and Injunctive Relief (the "*Ex Parte* Motion," Dkt. No. 6), Declaration of Alberto Sanchez (the "Sanchez Declaration," Dkt. No. 6-1) and the exhibits attached thereto, Declaration of Curtis L. Tuggle (the "Tuggle Declaration," Dkt. No. 6-6), memorandum of law in support of the *Ex Parte* Motion (Dkt. No. 6-7), Supplemental Declaration of Alberto Sanchez (the "Sanchez Supplemental Declaration," Dkt. No. 16), Supplemental Declaration of Curtis L. Tuggle (the "Tuggle Supplemental Declaration," Dkt. No. 17), the accompanying memorandum of law in support of the Motion to Confirm (Dkt. No. 18), all other pleadings, papers, and evidence submitted in the above-captioned action and other relevant facts of which the Court may take judicial notice; and after due and proper notice having been given to Defendants JE SPE 5399 LLC ("JE SPE"), TVPX Aircraft Solutions, Inc.,

not in its individual capacity, but solely as Owner Trustee under the 2022 MSN 5399 Statutory Trust ("TVPX"), and Moshe Silber ("Silber" and together with JE SPE and TVPX, the "Defendants"); Defendants having been afforded an opportunity to be heard with respect to the Motion to Confirm; and after due deliberation thereon; and the Court having subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332; and Defendants being subject to personal jurisdiction in this Court pursuant to the express terms of the Loan Documents and Article 43 of the Cape Town Convention; and venue being proper; and pursuant to Rule 64 of the Federal Rules of Civil Procedure ("F.R.C.P.") and Article 71 of the New York Civil Practice Law and Rules ("C.P.L.R."), and the Court being otherwise duly advised on the matter;

IT IS HEREBY FOUND THAT:

A. JE SPE is in default under the Aircraft Loan Agreement dated December 22, 2022, by and between KeyBank and JE SPE (the "Loan Agreement"), whereby KeyBank extended a term loan in the amount of $25,000,000.00 to JE SPE for the purpose of financing (i) one Gulfstream Aerospace model GV-SP (G550) aircraft bearing manufacture's serial number 5399 and U.S. Registration Number N399FF (the "Airframe"); (ii) two (2) Rolls Royce Deutschland Ltd & CO KG BR700-710C4-11 engines bearing manufacturer's serial numbers 15911 and 15912 (the "Engines"); (iii) and all appliances, parts, instruments, appurtenances, accessories and other equipment or property installed thereon or therein (the foregoing, together with the Airframe and Engines, the "Aircraft").

B. The Event of Default under the Loan Agreement is an Event of Default under that certain Aircraft Security Agreement dated December 22, 2022, by and between KeyBank, in its capacity as the "Secured Party," and TVPX, in its capacity as "Grantor" (the "Security Agreement").

C. The Cape Town Convention (and related protocol), Loan Agreement, Security Agreement, Consent Agreements, other Loan Documents, the Uniform Commercial Code, and New York law entitle KeyBank to repossess and remove the Aircraft and all logs, manuals and data, inspection and maintenance records, other materials required by the FAA, or any other governmental authority having jurisdiction, to be maintained with respect to each item of Equipment, and all other records with respect to the Aircraft (the "Aircraft Documents") upon the occurrence of an Event of Default by JE SPE.

D. The Court had authority to issue the *Order of Immediate Possession and Injunction* ("Order of Seizure," Dkt. No. 13) and has authority to issue this Order pursuant to the Cape Town Convention, Loan Agreement, Security Agreement, Consent Agreements, other Loan Documents, the Uniform Commercial Code, and New York Law with respect to KeyBank's right to immediate possession of the Aircraft and Aircraft Documents.

E. The Court had authority to issue the Order of seizure without a hearing pursuant to Article 13 of the Cape Town Convention and in accordance with Section 5.2 of the Security Agreement and Loan Agreement, in which the parties agreed that KeyBank may obtain immediate possession of and remove the Aircraft, "by self-help, summary proceeding, or otherwise" upon the occurrence of an Event of Default "without notice."

F. Pursuant to Section 5.5 of the Loan Agreement and Security Agreement, JE SPE and TVPX have irrevocably appointed KeyBank as their attorney-in-fact, granting KeyBank with such Power of Attorney to, *inter alia,* "take any actions [] or institute any proceedings which [KeyBank] may deem to be necessary or appropriate at any time to protect and preserve the interest of [KeyBank] in the Collateral, or in this [Loan] Agreement, the Security Agreement or the other Loan Documents."

3

G. JE SPE and TVPX have expressly waived any and all rights to prior notice of KeyBank's efforts to obtain a writ of replevin, order of possession, or other judicial remedy; any and all rights to the imposition of any bond, surety, or other undertaking that may be required by statute, law, regulation, or custom in connection with any order of possession; and any and all rights to contest, hinder or delay KeyBank's possession and disposition of the Aircraft, Aircraft Documents and any other collateral granted to KeyBank under the Security Agreement.

H. JE SPE and TVPX further waived the requirement under C.P.L.R. § 7102(e) for an undertaking pursuant to the terms of (a) Section 5.2 of the Security Agreement with provides that after an Event of Default, KeyBank may obtain immediate possession "by self-help, summary proceedings or otherwise without any liability of any kind whatsoever on the part of the Secured Party for or by reason of such entry or taking of possession except any damage or injury to property or persons caused directly by Lender's gross negligence or willful misconduct"; (b) Section 5.4 of the Security Agreement and Loan Agreement, whereby JE SPE and TVPX "waive[] any rights, now or hereafter conferred by statute or otherwise, which might limit or modify any of the rights or remedies of the Lender under or in connection with this Article 5…"; and (c) the affirmative waiver on behalf of JE SPE and TVPX by KeyBank through the exercise of its power of attorney, as contemplated by Section 5.5 of both the Loan Agreement and Security Agreement.

I. Pursuant to C.P.L.R. § 7102(c), the Declaration of Alberto Sanchez sets forth sufficient factual grounds to sustain the Motion.

J. In accordance with the terms of the Order of Seizure, Defendants were properly served with copies of the a) Verified Complaint, and the exhibits attached thereto; b) memorandum of law in support of the *Ex Parte* Motion; c) Sanchez Declaration, and the exhibits attached thereto; d) Tuggle Declaration; e) and the Order of Seizure. *See Affidavit of Service* (Dkt. No. 12).

K.     Defendants were properly served with copies of the a) Motion to Confirm; b) memorandum of law in support of the Motion to Confirm; c) Sanchez Supplemental Declaration; d) Tuggle Supplemental Declaration, and the exhibits attached thereto; and e) the Proposed Order. *See Affidavit of Service* (Dkt. No. __).

NOW THEREFORE IT IS HEREBY:

**ORDERED** that the Motion is granted, and the Order of Seizure is hereby confirmed; and it is further

**ORDERED** that KeyBank is entitled to, and shall have, **IMMEDIATE, PERMANENT, AND EXCLUSIVE POSSESSION** of the Aircraft and Aircraft Documents, and JE SPE and TVPX shall (and shall cause their contractors, agents, and employees to) forthwith turn over possession of the Aircraft and Aircraft Documents to KeyBank, or to agents designated by KeyBank, and forthwith take all actions necessary to allow KeyBank to obtain access to and possession of the Aircraft and Aircraft Documents, including terminating leases and sub-leases, if any remain, and obtaining the Aircraft and Aircraft Documents from third-party sub-lessees, operators, maintenance managers, or other contractors in possession or control of the Aircraft and/or and Aircraft Documents; and it is further

**ORDERED** that JE SPE and TVPX shall immediately disclose the precise location of any KeyBank Collateral not previously disclosed to KeyBank or to agents designated by KeyBank in order for KeyBank to reclaim the same; and it is further

**ORDERED** that that JE SPE and TVPX and any and all persons/entities who are in active concert or participation with JE SPE and/or TVPX and who receive actual notice of this Order, shall, upon service of this Order in the manner described below, be immediately **ENJOINED AND RESTRAINED** from taking the following actions, alone or in concert with any person or

5

entity: (i) attempting to exercise or exert any control over the Aircraft, Aircraft Documents, and other Collateral of KeyBank; (ii) taking any action to prevent KeyBank from retaking and retaining possession of the Aircraft, Aircraft Documents, and other Collateral of KeyBank; and (iii) taking any steps with respect to the registration or airworthiness of the Aircraft except as agreed to by KeyBank; and it is further

**ORDERED** that JE SPE and TVPX shall immediately **TURNOVER** to KeyBank all Aircraft Documents, including those necessary for it to obtain a Certificate of Airworthiness, and other Collateral of KeyBank; and it is further

**ORDERED** that that a copy of this Order, together with copies of the papers upon which it has been granted, shall be served upon Defendants by personal delivery or overnight courier to the following: as to JE SPE, to its chief executive office located at 46 Main St. Suite 339, Monsey, NY 10952; as to TVPX, to its chief executive office located at 39 E. Eagle Ridge Dr. Suite 201, North Salt Lake, UT 84054; and as to Silber, to his residence at 25 Hidden Valley Drive, Suffern, NY 10901 and that such service shall be deemed good and sufficient; and it is further

**ORDERED** that no undertaking shall be required as JE SPE and TVPX have waived any right for an undertaking; and it is further

**ORDERED** that KeyBank may exercise all remedies under the Loan Documents, the Cape Town Treaty, the Uniform Commercial Code, and New York law against the Collateral seized, including, but not limited to marketing and selling the Aircraft under the Uniform Commercial Code.

[*Remainder of the page left intentionally blank*]

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

Dated:    June 28, 2024                    SO ORDERED.
          New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE


SUBMITTED BY:

Curtis L. Tuggle
Emily J. Mathieu
Jonathan S. Hawkins
**THOMPSON HINE LLP**
300 Madison Avenue, 27th Floor
New York, New York 10017-4611
T: 212-344-5680 / F: 212-344-6101
Curtis.Tuggle@Thompsonhine.com
Emily.Mathieu@Thompsonhine.com
Jonathan.Hawkins@Thompsonhine.com

*Counsel for KeyBank National Association*